Rodeen Talebi (CA SBN 320392)
talebi@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099

Neil J. McNabnay (*Pro Hac Vice*)
mcnabnay@fr.com
Ricardo J. Bonilla (*Pro Hac Vice*)
rbonilla@fr.com
Aaron P. Pirouznia (*Pro Hac Vice*)
pirouznia@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Counsel for Defendant
Bionime USA Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**BIONIME USA CORPORATION,**<br><br>    Defendant. | Case No. 5:22-cv-00687-JWH-KK<br><br>**DEFENDANT BIONIME USA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BIONIME USA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

   Defendant Bionime USA Corporation ("Bionime USA") files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Display Technologies, LLC's ("Plaintiff" or "Display")

1

Complaint. Bionime USA denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## PARTIES AND JURISDICTION

1. Bionime USA admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, Title 35 of the United States Code. Bionime USA admits that Plaintiff seeks injunctive relief and damages but denies that Plaintiff is entitled to any relief from Bionime USA.

2. Bionime USA admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Bionime USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Bionime USA admits that it is a California corporation with its principal office at 1450 E Spruce St., Bldg. B, Ontario, CA 91761. Bionime USA further admits that it may be served through its agent, Ching-Yi Chen, at 1450 E Spruce St, Bldg. B, Ontario, CA 91761.

5. Bionime USA does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in this District. Bionime USA denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Bionime USA admits that the presently accused Bionime USA Rightest Glucose Meter is used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Bionime USA does not contest whether venue is proper in this District in this case, that it is a resident of this District, or that it has a regular and established place of business in this District. Bionime USA denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I

### ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. Bionime USA incorporates by reference its responses in Paragraphs 1-7 above as if fully set forth herein.

9. Bionime USA admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege a cause of action arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*.

10. Bionime USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Bionime USA admits that the purported copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached to the Complaint as Exhibit A.

12. Bionime USA denies that the '723 Patent is valid, enforceable, and duly issued in full compliance with Title 35 of the United States Code.

13. Bionime USA admits it sells the Rightest Glucose Meter but denies that it has committed or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 13 of the Complaint.

14. Bionime USA denies the allegations in Paragraph 14 of the Complaint.

15. Bionime USA denies the allegations in Paragraph 15 of the Complaint.

16. Bionime USA denies the allegations in Paragraph 16 of the Complaint.

17. Bionime USA denies the allegations in Paragraph 17 of the Complaint.

18. Bionime USA denies the allegations in Paragraph 18 of the Complaint.

19. Bionime USA denies the allegations in Paragraph 19 of the Complaint.

20. Bionime USA denies the allegations in Paragraph 20 of the Complaint.

21. Bionime USA denies the allegations in Paragraph 21 of the Complaint.

22. Bionime USA denies the allegations in Paragraph 22 of the Complaint.

23. Bionime USA denies the allegations in Paragraph 23 of the Complaint.

24. Bionime USA denies the allegations in Paragraph 24 of the Complaint.

25. Bionime USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Bionime USA denies that Plaintiff is entitled to any relief from Bionime USA and denies all the allegations contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Bionime USA's Affirmative Defenses are listed below. Bionime USA reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Bionime USA has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '723 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '723 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

The claims of the '723 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Bionime USA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to seek damages and other remedies from Bionime USA is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498. For

example, on information and belief, Plaintiff, its predecessors in interest, and/or its licensees failed to comply with or provide notice under the marking requirements of 35 U.S.C. § 287(a) and Plaintiff may not obtain damages for the period of time prior to the operative Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Bionime USA makes, uses, or sells each claimed element of any asserted claim, or that Bionime USA directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Bionime USA.

### SIXTH AFFIRMATIVE DEFENSE

Bionime USA does not infringe any claims of the '723 Patent pursuant to 35 U.S.C. § 273.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Bionime USA makes, uses, or sells each claimed element of any asserted claim, or that Bionime USA directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Bionime USA.

### BIONIME USA'S COUNTERCLAIMS

For its counterclaims against Plaintiff Display Technologies, LLC ("Display"), Counterclaim Plaintiff Bionime USA Corporation ("Bionime USA") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Bionime USA is a corporation organized and existing under the laws of the State of California, with its principal office located at 1450 E Spruce St., Bldg. B, Ontario, CA 91761.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Display is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principle place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

**JURISDICTION**

3. Bionime USA incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Display has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Display's filing of this action, venue is proper, though not necessarily convenient, in this district pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**DECLARATION REGARDING NON-INFRINGEMENT**

7. Bionime USA incorporates by reference Paragraphs 1–6 above.

8. Based on Display's filing of this action and at least Bionime USA's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Bionime USA infringes U.S. Patent No. 9,300,723.

9. Bionime USA does not infringe the '723 Patent because, among other things, the accused Rightest CARE app and Rightest Glucose Meter do not include a wireless mobile device and media system being structured to transmit at least one digital media file therebetween via said communication link.

10. Bionime USA does not infringe the '723 Patent because, among other things, the accused Rightest CARE app and Rightest Glucose Meter do not include a communication link structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Bionime USA requests a declaration by the Court that Bionime USA has not infringed and does

not infringe any claim of the '723 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### COUNT II

### DECLARATION REGARDING INVALIDITY

12. Bionime USA incorporates by reference Paragraphs 1–10 above.

13. Based on Display's filing of this action and at least Bionime USA's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '723 Patent.

14. On information and belief, the claims of the '723 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules regulations, and laws pertaining thereto.

15. The '723 Patent is anticipated and/or rendered obvious by, inter alia, U.S. Pat. Nos. 7,624,417, 8,700,729, and/or 8,244,179.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Bionime USA requests a declaration by the Court that claims 19 and 20 of the '723 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### JURY DEMAND

Bionime USA hereby demands trial by jury on all issues in these Counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, Bionime USA asks this Court to enter judgment in Bionime USA's favor and against Display by granting the following relief:

a) a declaration that the '723 Patent is invalid;

b) a declaration that Bionime USA does not infringe, under any theory, any valid claim of the '723 Patent that may be enforceable;

c) a declaration that the '723 Patent is unenforceable;

d) a declaration that Display take nothing by its Complaint;

e) judgment against Display and in favor of Bionime USA;

f) dismissal of the Complaint with prejudice;

g) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Bionime USA of its costs and attorneys' fees incurred in this action; and

h) further relief as the Court may deem just and proper.

Dated: May 17, 2022                                   Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Rodeen Talebi*
　　Rodeen Talebi (SBN 320392)

**COUNSEL FOR DEFENDANT
BIONIME USA CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2022, to all counsel of record via the Court's CM/ECF system per Local Rule 5-3.2.1.

*/s/ Rodeen Talebi*
Rodeen Talebi